UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT,<br><br>    Plaintiff,<br><br>v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 22-cv-02026-JSC<br><br>**ORDER OF PARTIAL DISMISSAL; GRANTING LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Antioch Police Department ("APD"), APD Chief Allen Cantando, APD Officer James Colley, APD Officer James Perkinson, and the Contra Costa County Detention Health Services ("CCCDHS"). Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is DISMISSED in part, and Plaintiff is GRANTED leave to file an amended complaint.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that APD Officers Colley and Perkinson shot, beat, cut, suffocated, and threatened to sexually assault him while arresting him at his mother's house despite his lack of resistance.  When liberally construed, these allegations state a viable claim for relief under Section 1983 against Colley and Perkinson for violating his Fourth Amendment rights.

Plaintiff makes no allegations against Defendant Cantando, the APD Chief.  Cantando is not liable simply because he is a superior of officers who allegedly violated Plaintiff's rights.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983).  Accordingly, the complaint is dismissed as to Defendant Cantando.  Plaintiff may amend his complaint to allege actions or omissions by Cantando that caused the violation of Plaintiff's rights.

Plaintiff also makes no allegations against the APD or the CCCDHS, which he names as Defendants.  Local governments may not be held liable for the unconstitutional acts of its employees, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997), unless official policy or custom causes the constitutional violation, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  The APD is a part of the City of Antioch government, and as such

Plaintiff must allege a custom or policy at APD that caused Defendants Colley and Perkinson to violate his rights. It is unclear whether or not CCCDHS is a local government agency or a private entity providing health services at the jail. Either way, Plaintiff must allege some action or omission by the CCCDHS that caused a violation of his rights. If it is a part of the Contra Costa County government, he must also allege a custom or policy of the CCCDHS that caused such violation(s). As Plaintiff has not made these allegations, the complaint is dismissed as to Defendants APD and CCCDHS, but Plaintiff is given leave to file an amended complaint to cure these deficiencies.

## CONCLUSION

1. The complaint is DISMISSED as to Defendants APD Chief Allen Cantando, the Antioch Police Department, and the Contra Costa County Detention Health Services for failure to state a claim upon which relief may be granted. The complaint states claims upon which relief may be granted against Defendants James Colley and James Perkinson.

2. Plaintiff is GRANTED leave to file an amended complaint to correct the deficiencies described above in the claims against the dismissed Defendants. If he decides to file an amended complaint, he must do by **May 16, 2022**. The amended complaint **must** include the caption and civil case number used in this order (No. C 22-2026 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.

Plaintiff is cautioned that, because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), he may not incorporate material from the original complaint by reference; he must include in his amended complaint all the claims he wishes to pursue, including his claims against Defendants Colley and Perkinson.

Plaintiff is further cautioned that his failure to amend within the designated time and in accordance with this order will result in this case proceeding only against Defendants Colley and Perkinson, and his claims against the other Defendants will be dismissed with prejudice, meaning he will not have another opportunity to pursue those claims.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of

1  Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
2  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
3  Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a
4  showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.