United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL TOLBERT,

    Plaintiff,

v.

JAMES COLLEY, et al.,

    Defendants.

Case No. 22-cv-02026-JSC

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a California prisoner proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Antioch Police Department ("APD"), APD Chief Allen Cantando, APD Officer James Colley, APD Officer James Perkinson, and the Contra Costa County Detention Health Services ("CCCDHS"). The claims against Defendants Colley and Perkinson were found, when liberally construed, cognizable. The claims against the remaining Defendants were dismissed with leave to amend. Plaintiff has filed a timely amended complaint that, for the reasons discussed below, is ordered served upon Defendants.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges, as he did in his original complaint, that APD Officers Colley and Perkinson shot, beat, cut, suffocated, and threatened to sexually assault him while arresting him at his mother's house despite his lack of resistance. These allegations state a cognizable claim for relief under Section 1983 against Colley and Perkinson for using excessive force during the course of Plaintiff's arrest, in violation of the Fourth Amendment.

Plaintiff alleges that Defendant APD has had a widespread practice of failing to adequately train and supervise its officers in the proper, constitutional use of force prior to and since the use of force against him. According to Plaintiff, this practice caused Colley and Perkinson to violate his Fourth Amendment rights. These allegations are sufficient to allege an unconstitutional custom or practice at the APD and to state a cognizable Section 1983 claim against the APD for the violation of his Fourth Amendment rights under *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff alleges that Defendant Cantando, the APD Chief, failed to adequately

train or supervise Colley and Perkinson in the proper use of force, which led to their use of excessive force against him. These allegations, when liberally construed, state a cognizable claim for relief against him. Plaintiff alleges that CCCDHS is not a part of the Contra Costa County government, but that it provides health care for inmates at the Contra Costa County Jail. He alleges that CCCDHS failed to provide him with crutches, pain relief, and other adequate medical care after he was transferred from the hospital, where he underwent surgery for the injuries sustained during his arrest, to the Contra Costa County Jail. These allegations, when liberally construed, state a cognizable claim or relief against CCCDHS for violating his right to due process. *See J. K. J. v. City of San Diego*, 17 F.4th 1247, 1256 (9th Cir. 2021) ("Pretrial detainees in state custody have a constitutional right to adequate medical treatment under the Fourteenth Amendment.").

## CONCLUSION

1. The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint with attachments, and a copy of this order on the Antioch Police Department ("APD"), APD Chief Allen Cantando, APD Officer James Colley, APD Officer James Perkinson, and the Contra Costa County Detention Health Services.

The Clerk shall also mail a courtesy copy the amended complaint and this order to the City Attorney's Office of the City of Antioch.

2. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

a. No later than **November 21, 2022,** Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the

Court shall be promptly served on Plaintiff.

      b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

      c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

      d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

//
//
//
//

1 **IT IS SO ORDERED.**

2 Dated: August 25, 2022

3 _____
4 JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.