UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT,<br><br>                        Plaintiff,<br><br>        v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>                        Defendants. | Case No.  22-cv-02026-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS AND LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 26 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without being represented by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Antioch Police Department ("APD"), APD Chief Allen Cantando, APD Officer James Colley, APD Officer James Perkinson, and the Contra Cost County Detention Health Service (CCCDHS).  Summonses issued to Defendants Cantando, Perkinson, and CCCDHS were returned unexecuted.  (ECF Nos. 13, 15, 16.)

Defendants[1] APD and Colley move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (ECF No. 26), and for judicial notice of certified court records (ECF No. 27).  Plaintiff responded.  (ECF No. 31.)  Defendants replied.  (ECF No. 35.)  For the reasons discussed below, the motion for judgment on the pleadings is GRANTED WITH LEAVE TO AMEND.

## BACKGROUND

Plaintiff filed this lawsuit on March 30, 2022.  Plaintiff's First Amended Complaint

---

[1]  Unless otherwise noted, the Court's use of the term "Defendants" refers to the two served Defendants – APD and Colley.

United States District Court<br>Northern District of California

(FAC) alleges that on January 28, 2015, Defendant Colley and his colleague APD Officer Perkinson shot Plaintiff with a bean bag, beat, cut, suffocated, and threatened to sexually assault him while arresting him at his mother's house despite his lack of resistance. (ECF No. 8 at 3-4[2] ¶ 9.) Plaintiff alleges Defendant APD has a widespread practice of failing to adequately train and supervise its officers resulting in instances of constitutionally-prohibited excessive use of force by the officers. (*Id.* at 13-15 ¶ 20.)

Plaintiff's FAC alleges further that after his arrest, he was treated at John Muir Hospital where he underwent surgery. (*Id.* at 4-5.) Thereafter, he was taken to the Martinez Detention Facility. (*Id.* at 18.) Plaintiff's FAC does not otherwise address the duration of his incarceration, or reasons for the lengthy delay in bringing this lawsuit.

Defendants argue Plaintiff's claims are barred by the two-year statute of limitations for Section 1983 claims in California. (ECF No. 26 at 5-6.) According to Defendants, Plaintiff's claims accrued on the date of the alleged excessive use of force, and he was therefore required to bring his claims no later than January 28, 2017. (*Id.* at 6.) They contend the statute of limitations bars both Plaintiff's Fourth Amendment claim against Defendant Colley, and his *Monell* claim against Defendant APD. (*Id.* at 6-7.)

Defendants further argue the two-year statute of limitations is not tolled by any statutory provision or judicial doctrine for three reasons. First, California's statutory tolling provisions relating to persons who are imprisoned or under criminal prosecution do not apply to Plaintiff's circumstances. Second, California's pandemic-related Emergency Rule 9 is either inapplicable or already lapsed. (*Id.* at 8-9.) Third, Plaintiff's claims are not saved by the doctrine of equitable tolling. (*Id.* at 9-11.)

**DISCUSSION**

I.   Standard of Review

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

United States District Court
Northern District of California

---

[2] All page references herein are to the Docket pages shown in the header to each document and brief cited on ECF, unless otherwise indicated.

United States District Court
Northern District of California

1   Judgment on the pleadings is proper when "taking all the allegations in the non-moving

2   party's pleadings as true, the moving party is entitled to judgment as a matter of law."

3   *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (internal quotation marks

4   and citation omitted).  The Court must "accept the facts as pled by the nonmovant."

5   *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th

6   Cir. 2011).  *See also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988)

7   ("All allegations of fact by the party opposing the motion are accepted as true.") (citation

8   omitted); *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist*

9   *Congregational Church*, 887 F.2d 228, 230-31 (9th Cir. 1989) (considering defendants'

10  answer on plaintiff's motion for judgment on the pleadings); *Qwest Commc'ns Corp. v.*

11  *City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (considering defendant's answer

12  on plaintiff's motion for judgment on the pleadings and stating that "[u]ncontested

13  allegations to which the other party had an opportunity to respond are taken as true")

14  (citing *Flora v. Home Fed'l Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982)).  A

15  court need not, however, accept conclusory allegations as true.  *See McGlinchy*, 845 F.2d

16  at 810.  "Judgment on the pleadings is proper when the moving party clearly establishes on

17  the face of the pleadings that no material issue of fact remains to be resolved and that it is

18  entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

19  *Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

20       A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and

21  courts should apply the same standard.  *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188,

22  1192 (9th Cir. 1989).  In considering a Rule 12(c) motion, a court must limit its review to

23  "facts that are contained in materials of which the court may take judicial notice."

24  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal

25  quotation marks and citations omitted).

26       Although Rule 12(c) makes no mention of leave to amend, courts have discretion to

27  do so.  *Carmen v. S. F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

28  Indeed, in *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131, 1134-35 (9th Cir. 2012), the

1   Ninth Circuit Court affirmed a district court's dismissal under Rule 12(c) but reversed for

2   failing to grant leave to amend.  Leave to amend should be granted even if not requested,

3   unless amendment would be futile.  *Cook, Perkiss and Liehe, Inc. v. Northern California*

4   *Collection Serv. Inc*., 911 F.2d 242, 246-47 (9th Cir. 1990) (the district court was correct

5   to analyze whether an amended pleading might state a claim, even though the plaintiff had

6   not filed a motion to amend; district court's conclusion that leave to amend would be futile

7   was also correct).

8        A self-represented party's pleading must be liberally construed and, "however

9   inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

10   lawyers." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570  (2007) (quoting *Estelle v.*

11   *Gambl*e, 429 U.S. 97, 106 (1976)).  Because *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

12   incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment

13   of self-represented parties' filings, federal courts continue to construe such filings

14   liberally, especially where the self-represented plaintiff is a prisoner in a civil rights

15   matter.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

16   II.   <u>Analysis</u>

17        1.   <u>Judicial Notice of Court Records</u>

18        Federal Rule of Evidence 201(b) permits a court to notice an adjudicative fact if it is

19   "not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999

20   (9th Cir. 2018).  Taking judicial notice of matters of public record does not convert a

21   motion to dismiss into a motion for summary judgment. *Id.*  A district court "may take

22   notice of proceedings in other courts, both within and without the federal judicial system,

23   if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d

24   1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting

25   request to take judicial notice in § 1983 action of five prior cases in which plaintiff was a

26   self-represented litigant, to counter her argument that she deserved special treatment

27   because of her status).

28        Accordingly, the Court takes judicial notice of the certified court records submitted

by Defendants.  (ECF No. 27.)  The certified court records establish a trial was conducted in January 2019, and Plaintiff was sentenced on February 22, 2019.  (*Id.*)

### 2.    The FAC Establishes the Statute of Limitations Bar

Section 1983 does not contain its own limitations period.  The appropriate period is that of California's statute of limitations for personal injury torts.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  The general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019).  The statute of limitations generally begins to run when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

Based solely on the pleadings, Plaintiff's claims are barred by the two-year statute of limitations for § 1983 claims.  Plaintiff's claims against the served Defendants indisputably accrued on January 28, 2015, when he alleges he was assaulted.  (ECF No. 8 at 3-4 ¶ 9; *id.* at 8-9 ¶ 18; *id.* at 13-15 ¶ 20)  So, his complaint filed March 30, 2022, was filed more than five years too late.

### 3.    Tolling

A federal court must apply a state's tolling provisions.  *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419-20 (9th Cir. 1986). Plaintiff's FAC allegations do not state grounds for tolling the limitations period. Because of Plaintiff's self-represented status, the Court has analyzed the factual allegations and submissions in Plaintiff's response to Defendants' Rule 12(c) motion that were not in Plaintiff's FAC to determine whether Plaintiff could allege grounds to toll the statute of limitations if granted leave to file a second amended complaint.  *See Harris*, 682 F.3d at 1135 ("Dismissal without leave to amend is appropriate only when the Court is satisfied

1    that an amendment could not cure the deficiency." (citations omitted)).

2           a.    Tolling during a Period of Imprisonment

3          California tolls the statute of limitations during imprisonment under certain

4    conditions.  California Civil Procedure Code § 352.1 recognizes imprisonment as a

5    disability that tolls the statute of limitations when a person is "imprisoned on a criminal

6    charge, or in execution under the sentence of a criminal court for a term of less than for

7    life." Cal. Civ. Proc. Code § 352.1(a).  The tolling is not indefinite, however; the disability

8    of imprisonment delays the accrual of the cause of action for a maximum of two years.

9    *See id.*; *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999).  The statute of limitations

10   begins to run immediately after the recognized disability period ends.  *See Cabrera v. City*

11   *of Huntington Park*, 159 F.3d 374, 378-79 (9th Cir. 1998) (following California law).

12   Thus, an inmate has a maximum of four years to bring a § 1983 claim for damages in

13   California, *i.e.*, the regular two year period under § 335.1 plus two years under § 352.1

14   during which accrual is postponed for the disability of imprisonment. If the statute of

15   limitations starts to run again because the prisoner is released, tolling will not be reinstated

16   by subsequent incarceration.  *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir.

17   1982) (tolling ends upon release on parole); *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir.

18   1957) (statute of limitations not tolled after prisoner released).

19         Assuming Plaintiff could allege he was continuously incarcerated from January 28,

20   2015 (when Plaintiff's claims accrued) to March 30, 2022 (when Plaintiff filed this

21   lawsuit), § 352.1 tolling would not make his lawsuit timely. The maximum allowed

22   duration of tolling would only extend the limitations period to January 28, 2019 – four

23   years after the date Defendant Colley allegedly assaulted Plaintiff.  *See* Cal. Civ. Proc.

24   Code § 352.1(a); *Fink*, 192 F.3d at 916.  Plaintiff's insistence that the statute did not begin

25   to run until February 22, 2019 ignores that § 352.1 tolls the statute at most for two years.

26   Cal. Civ. Proc. Code § 352.1(a).  Any subsequent incarceration would not further extend

27   the limitations period.  *See Boag*, 669 F.2d at 589.  So, leave to amend to attempt to allege

28   § 352.1 tolling would be futile.

United States District Court
Northern District of California

1       b.      Tolling under Emergency Rule 9

2               Emergency Rule 9 ("ER 9") was enacted by the Judicial Counsel of California to

3       extend the time for filing suit during the early days of the Covid-19 emergency. Cal. Rules

4       of Court, Appendix I: Emergency Rules Related to COVID-19, Emergency Rule 9.  ER 9

5       tolled the statute of limitations for state law claims from April 6, 2020 until October 1,

6       2020 for statutes of limitations over 180 days.  *Id.*  ER 9 did not serve to revive lapsed

7       claims.  *Id.*  Assuming ER 9 applies to claims under § 1983, Plaintiff's claims had already

8       lapsed before April 6, 2020.  Therefore, ER 9 would not revive them.  So, ER 9 does not

9       provide a basis to render  a second amended complaint timely because it would not toll the

10      limitations period for Plaintiff's claims through to March 30, 2022, either by its own

11      operation or combined application with § 352.1.

12              c.      Equitable Tolling

13              California's equitable tolling rules apply.  *Azer v Connell*, 306 F.3d 930, 936 (9th

14      Cir. 2002).  Plaintiff argues equitable tolling applies because he filed government tort

15      claims notices, some which were not responded to, and because police threatened him not

16      to file suit.  (ECF No. 31 at 3-4 (alleged threat made by Defendant Perkinson); *id.* at 4-5

17      (tort claim notices); *id.* at 5 (alleged threat made by APD officer)).

18              Under California law, equitable tolling is appropriate in a later suit when an earlier

19      suit was filed and where the record shows:  "'(1) timely notice to the defendant in the first

20      claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the

21      second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the

22      second claim.'"  *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38

23      (9th Cir. 2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924

24      (1983)).  Upon satisfying the three-pronged test, a plaintiff should be relieved from the

25      limitations bar. *Id.* at 1140; *see, e.g.*, *Azer*, 306 F.3d at 936-37 (granting equitable tolling

26      where plaintiff satisfies three-prong test and finding that by filing an official-capacity

27      action in state court plaintiff provided individual defendants within state office adequate

28      notice that they might be subject to a civil rights suit).

As to the first prong of the equitable tolling standard, Plaintiff claims he gave timely notice of his claims through his submission of three separate tort claim notices in 2015 and 2019, only one of which received a response. (ECF No. 31 at 4-5) Defendants respond with several objections. First, Defendants argue the documentation Plaintiff submitted is objectionable because Plaintiff did not provide copies of his actual notice letters, nor any proof of service. (ECF No. 35 at 8-9.) Second, Defendants claim that none of the submitted documents are dated within the statutory limitations period. (*Id.* at 9.)

Defendants' arguments are unpersuasive. Plaintiff alleges that he gave notice to Defendants through tort claim forms, and he admits he does not presently have records of the tort claim forms he sent. The question is whether if given leave to amend, Plaintiff could allege facts that would show a plausible basis for surviving a Rule 12(c) motion – if so, Plaintiff will have the opportunity to locate and submit proof during discovery. Such evidence regarding the first prong of the equitable tolling standard may also be relevant to the second and third prongs. *See Daviton*, 241 F.3d at 1137-38. On the present record, the Court cannot conclude that it is impossible for Plaintiff to sufficiently plead equitable tolling. *Harris*, 682 F.3d at 1134-35. Leave to amend to allege equitable tolling will be granted.

## CONCLUSION

For the reasons stated above:

(1) Defendants' motion to dismiss (ECF No. 26) is GRANTED with leave to amend to attempt to allege a basis for equitable tolling. Plaintiff is not granted leave to add any new claims or defendants.

//

//

//

1       (2) Plaintiff shall file any second amended complaint on or before June 2, 2023, and

2   his failure to do so will result in the dismissal of this case; and

3       (3) This Order disposes of ECF No. 26.

4       **IT IS SO ORDERED.**

5   **Dated:  April 14, 2023**

6   JACQUELINE SCOTT CORLEY
    United States District Judge

United States District Court
Northern District of California

9