UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT,<br><br>        Plaintiff,<br><br>   v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 22-cv-02026-JSC<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 63 |

      This is a civil rights action filed by a California prisoner proceeding without an attorney. Plaintiff has served discovery requests upon Defendants, who have filed a motion for a protective order seeking to provide protections for confidential documents. Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that upon a showing of good cause by a person from whom discovery is sought, "the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Good cause exists when the party seeking the protective order shows that specific harm or prejudice will result if the protection is not granted. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

      Rule 26(c)(1) also provides: "The motion [for a protective order] must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Defendants have not included such a certification nor have they indicated they have conferred with Plaintiff. Defendants state, instead: "Because Plaintiff is currently incarcerated, [they] were unable to informally meet-and-confer with him." (ECF No. 63 at 2:17-18.) Defendants do not describe the efforts, if any, defense counsel made to contact prison officials or follow any prison procedures to arrange a

1  telephone or video conference with Plaintiff.  The Court is not aware of, nor do Defendants cite,

2  any regulations or prison rules prohibiting California prisoners from speaking to defense counsel.

3  Nor do Defendants explain why they cannot confer with Plaintiff by mail.

4        Accordingly, the motion for a protective order is DENIED without prejudice.  If

5  Defendants are unable to obtain and file a stipulated protective order after meeting and conferring

6  with Plaintiff,[1] then, on or before **March 22, 2024**, Defendants may file a renewed motion for a

7  protective order in which they include the certification required by Rule 26(c)(1) (or a showing of

8  good cause for not meeting and conferring with Plaintiff[2]), and <u>attach to the motion their proposed

9  protective order</u> with an explanation for why the parties could not agree upon it.

10       This order resolves docket number 63.

11 **IT IS SO ORDERED.**

12 Dated: February 20, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] Defendants may contact prison officials to learn of any prison procedures to arrange for a telephone or video conference with Plaintiff, or they meet and confer with Plaintiff by mail.

[2] This requires at a minimum an explanation of their good faith efforts to follow any prison procedures for arranging a telephone or videoconference with Plaintiff, and an explanation as to why conferring with Plaintiff by mail was not possible.

2