UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 22-cv-02026-JSC<br><br>**ORDER TO SHOW CAUSE WHY PROTECTIVE ORDER SHOULD NOT BE ENTERED; DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 68 |

This is a civil rights action filed by a California prisoner proceeding without an attorney. Defendants are the Antioch Police Department ("APD"), APD Chief Allan Cantando, and APD Officers James Colley and James Perkinson. Defendants have filed a second motion for a protective order (ECF No. 73), and Plaintiff filed a motion for sanctions (ECF No. 68), which Defendants oppose (ECF No. 70).

1. <u>Protective Order</u>

Defendants' prior motion for a protective order (ECF No. 63) was denied because they did not show they had satisfied the meet-and-confer requirement or Rule 26(c)(1) of the Federal Rules of Civil Procedure. (ECF No. 64.) Defendants have filed a new motion for entry of a protective order, specifically the United States District Court for the Northern District of California's model "Stipulated Protective Order for Standard Litigation."[1] (ECF No. 72 at 3:14.) Defense counsel has included a declaration showing he attempted unsuccessfully in good faith to meet and confer with Plaintiff to obtain his agreement to a protective order but was unable to do so. (ECF No. 72-1 at ¶¶ 4, 6 & Ex. A.)[2]

---

[1] This order can be found at https://www.cand.uscourts.gov/forms/model-protective-orders/. A copy of this order will also be sent to Plaintiff along with this order.

[2] Defense counsel states that as of March 22, 2024, Plaintiff had not responded to their February 22, 2024, letter seeking to discuss a protective order. (ECF No. 72-1 at ¶ 7 & Ex. A.)

1    Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that upon a showing of
2    good cause by a person from whom discovery is sought, "the court in which the action is pending
3    ... may make any order which justice requires to protect a party or person from annoyance,
4    embarrassment, oppression, or undue burden or expense."  Good cause exists when the party
5    seeking the protective order shows that specific harm or prejudice will result if the protection is
6    not granted.  *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th
7    Cir. 2002).

8    Defendants seek a protective order because Plaintiff has requested: (1) APD internal
9    investigation records; (2) citizen complaints made against APD employees; (3) any mental-health
10   evaluations of Defendants Cantando, Colley, and Perkinson; and (4) any citizen complaints or
11   internal investigations of these Defendants.  (ECF No. 72 at 6:4-8.)  Defendants argue these
12   documents need protection because they include Defendants' private medical information.  These
13   documents also include "compelled" confidential interviews with APD officers regarding "Officer
14   Involved Shootings" ("OIS"), including the incident that is the subject of Plaintiff's claim; and
15   confidential interviews with and information about victims and witnesses in these incidents.  (*Id.*
16   at 6.)  Release of this information to Plaintiff without protection puts Defendants, other APD
17   personnel, victims, witnesses, and their families at risk of retaliation.  (*Id.*)

18   On or before **April 26, 2024,** Plaintiff shall either notify the Court that he agrees to the
19   entry of the court's model "Stipulated Protective Order for Standard Litigation" or SHOW
20   CAUSE why such an order should not be entered.

21   2.   Motion for Sanctions

22   Plaintiff moves for sanctions against Defendants under Rule 11 on the grounds they caused
23   "unnecessary delay" and "needlessly increased the cost and time of litigation" by falsely
24   representing to the Court, in their first motion for a protective order, that, "Because Plaintiff is
25   currently incarcerated, Defendants were unable to informally meet and confer with him via
26   telephone or email to see if would stipulate to such a protective order."  (ECF No. 68 at 1:16-23
27   (citing ECF No. 63 at 2:17-18).)  Defendants agree that this statement was not true because
28   defense counsel and Plaintiff had spoken on the telephone the day before they filed the motion.

United States District Court
Northern District of California

(ECF No. 70 at 2; *see also* ECF No. 68 at 1.)  Defense counsel states he had prepared the motion before speaking with Plaintiff, and he "inadvertently" and "accidentally" neglected to update the motion before filing it to reflect their conversation and remove this statement.  (ECF No. 70-1 at ¶ 5.)  He "apologizes to the Court" for his "honest mistake."  (*Id.*)  Plaintiff also seeks sanctions on the grounds Defendants produced discovery on a flash drive even though they "had knowledge" he was incarcerated and "couldn't receive" flash drives.  (ECF No. 68 at 1: 23-26.)

Rule 11(b) states that "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  A court "may impose an appropriate sanction" for the violation of one of these provisions.  Rule 11(c)(1).

Plaintiff's motion for sanctions fails for two reasons.  First, such a motion "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2).  Defendants indicate Plaintiff did not serve the motion upon them before filing it, and there is no indication in the motion that he did.  (ECF No. 70 at 4.)  The motion fails, therefore, for the reason that Plaintiff did not comply with requirement of Rule 11(c)(2) to give advance notice to Defendants and an opportunity to correct their error.

Second, the Court concludes sanctions are not warranted here.  As noted above, in their

1  opposition, Defendants corrected the false contention they were unable to confer with Plaintiff
2  while incarcerated.  They did so in less than 21 days from of the date Plaintiff filed and served his
3  sanctions motion (*see* ECF Nos. 68, 70), which would have precluded a sanctions motion had
4  Plaintiff complied with Rule 11(c)(2).  As for producing discovery in a flash drive, although
5  Defendants knew Plaintiff was incarcerated, there is no suggestion they knew prison rules
6  prohibited him from accessing flash drives.  The Court notes Defendants have been ordered to
7  produce hard paper copies of discovery.  (ECF No. 69.)  As for any delays occasioned by the
8  foregoing issues, the deadline for summary judgment briefing has been extended (ECF No. 62),
9  and an additional reasonable extension of time will be considered upon a showing of good cause.

For the foregoing reasons, Plaintiff's motion for sanctions is DENIED.

This order terminates ECF No. 68.

**IT IS SO ORDERED.**

Dated: April 11, 2024

JACQUELINE SCOTT CORLEY
United States District Judge