1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   JOEL TOLBERT,                           Case No.  22-cv-02026-JSC

8                Plaintiff,
                                            **ORDER GRANTING MOTION FOR**
9         v.                                **PROTECTIVE ORDER**

10   ANTIOCH POLICE DEPARTMENT, et al.,      Re: Dkt. No. 72

11                Defendants.

12          This is a civil rights action filed by a California prisoner proceeding without an attorney.

13   Defendants are the Antioch Police Department ("APD"), APD Chief Allan Cantando, and APD

14   Officers James Colley and James Perkinson.  Now pending before the Court is Defendants' second

15   motion for a protective order.  (ECF No. 72.)  Plaintiff was ordered to show cause, on or before

16   April 26, 2024, why the Court's model "Stipulated Protective Order for Standard Litigation" (a

17   copy of which was mailed to him) should not be entered.  (ECF No. 74 at 2:18-20.)  Plaintiff has

18   not done so.[1]  Accordingly, the motion for a protective order is GRANTED.  The protective order

19   is entered separately.

20          On April 29, 2024, the Court received Plaintiff's "response" to Defendants' opposition to

21   Plaintiff's motion for sanctions.  (ECF No. 75.)  Although the motion for sanctions was denied on

22   April 11, 2024,[2] the Court  has nevertheless reviewed Plaintiff's "response" and concludes it does

23   not change the Court's ruling on the motion.  Additionally, Plaintiff states he has not received all

24   the discovery he requested.  (*Id.* at 3:11; 75.1 at ¶ 10.)  The Court will not act on any discovery

25   dispute unless a party files a motion to compel that includes "a certification that the movant has in

26

27   _____
    [1] Plaintiff also did not notify the Court he agrees to the order, which he had the option to do.  (ECF
    No. 74 at 2:18-20.)
28   [2] Plaintiff indicates the postal service initially returned his response to him as undeliverable, and
    he re-mailed it to the Court.  (ECF No. 76 at 1.)

United States District Court
Northern District of California

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *See* Fed. R. Civ. P. 37(a)(1).  Defendants are reminded they shall produce paper copies of any discovery documents (excluding video or audio recordings) because Plaintiff cannot access electronic documents.  (*See* ECF No. 69.)

This Order disposes of Docket No. 72.

**IT IS SO ORDERED.**

Dated: May 6, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

2