UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT,<br><br>Plaintiff,<br><br>v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 22-cv-02026-JSC<br><br>**ORDER OF SERVICE ON UNSERVED DEFENDANT; GRANTING MOTION TO WITHDRAW; DENYING MOTIONS TO STRIKE AND FOR APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. Nos. 105, 121, 123 |

## INTRODUCTION

This is a civil rights action filed by a California prisoner proceeding without an attorney. Defendants are the Antioch Police Department ("APD"), APD Chief Allan Cantando, APD Officers James Colley and James Perkinson, and the Contra Costa County Detention Health Service ("CCCDHS"). The operative complaint is the second amended complaint. (ECF No. 42.)[1] All Defendants except CCCDHS have been served and appeared. Plaintiff has filed (1) a motion to withdraw his motion to compel, (2) a motion to strike the served Defendants' reply to his opposition to their motion for summary judgment, and (3) a motion for appointment of counsel.[2] (ECF Nos. 81, 110, 121, 123.) Service upon CCCDHS is ordered, and these motions are addressed, below.

## DISCUSSION

**1.    Service on Unserved Defendant**

---

[1] Plaintiff filed another copy of the second amended complaint with the exhibits to the opposition to his motion for summary judgment. (ECF Nos. 110, 111.)
[2] The served Defendants' motion for summary judgment will be addressed in a separate order.

1  Defendant CCCDHS was ordered served (ECF No. 97), but the Clerk has not issued a
2  summons. Accordingly, the Clerk shall issue a summons, and the United States Marshal shall
3  serve, without prepayment of fees, the summons, a copy of the second amended complaint (ECF
4  No. 42) with attachments, and copies of this order and the orders of service (ECF Nos. 9, 97) on:

**Contra Costa County Detention Health Services
100 Ward Street
Martinez, California, 94553.**

Defendant CCCDHS shall file an answer in accordance with the Federal Rules of Civil Procedure.

To expedite the resolution of this case:

    a.  No later than **February 7, 2025**, Defendant CCCDHS shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant CCCDHS is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  At the time the dispositive motion is served, Defendant CCCDHS shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

    c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant CCCDHS no later than **March 7, 2025,** is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

    d.  Defendant CCCDHS shall file a reply brief no later than 14 days after the opposition is filed.

    e.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

//

2

**2.   Motions**

   **a.   Motion to Withdraw**

Good cause appearing, and in light of Defendants' non-opposition, Plaintiff's motion to withdraw his motion to compel (ECF No. 105) is GRANTED.

   **b.   Motion to Strike Reply**

Plaintiff has filed a motion to "strike" Defendants' reply to his opposition to their motion for summary judgment. (ECF No. 121.) Plaintiff argues the reply should be stricken under Rule 12(f) because it relies upon "tampered" evidence and "false contentions." (*Id.* at 3-6.)

Rule 12(f) provides:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). The reply regarding Defendants' motion for summary judgment is not a "pleading" or a portion of a pleading. *See* Fed. R. Civ. P. 7(a) (defining "pleading" as various complaints, answers, and – if ordered by the court – a reply to an answer). Therefore, the reply cannot be stricken under Rule 12(f) or on any other grounds of which the Court is aware. Accordingly, the motion to strike is DENIED.

To the extent Plaintiff seeks to dispute the arguments in the reply, Civil Local Rule 7-3(d) provides:

> (d) Supplementary Material. Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows:
>
>    (1) Objection to Reply Evidence. If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.
>
>    (2) Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date

> the opposition or reply was filed by filing and serving a Statement of Recent Decision. Such Statement shall contain a citation to and provide a copy of the new opinion without argument.

Civ. L.R. 7-3(d). Plaintiff has not obtained leave of court to file supplementary material, nor does he cite a "relevant judicial opinion published after the date the opposition or reply was filed." *Id.* To the extent the motion addresses "new evidence . . . submitted in the reply," the Court will consider such arguments as "objections to reply evidence" under Civil Local Rule 7-3(d)(1) when it reviews the briefs on Defendants' motion for summary judgment.

### c. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (ECF No. 123.) There is no right to counsel in a civil case such as this. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff has not asserted exceptional circumstances. Plaintiff alleges he has "limited access" to a law library, copy machine, and subpoenas (ECF No. 121 at 1-2), but these allegations do not explain what claims, arguments, or evidence he has been unable to present. He has litigated this case vigorously, including filing numerous motions, amending his pleadings twice, submitting hundreds of pages of exhibits, and obtaining subpoenas for documents on several occasions. He has received and may continue to request extensions of any deadlines provided that he explain the circumstances that require the extension, including limited law library access, copies, or other materials. Plaintiff's arguments about being unable to conduct a trial by himself effectively are not ripe as this case is not ready for trial. Should a trial become necessary, the Court will <u>on its own initiative</u> reconsider Plaintiff's request for appointment of counsel. Plaintiff's argument that Defendants have on occasion had difficulty reading his filings are unpersuasive; if the *Court* cannot read anything Plaintiff submits, he will be given an opportunity for correction. At least at this stage, Plaintiff has been able to present his claims such that the interests of justice necessitate referral for location of pro bono counsel to assist him.

Plaintiff's motion for appointment of counsel is DENIED. Should referral for location of

pro bono counsel become necessary at a later time, the Court will issue a referral order on its own; Plaintiff need and shall not request appointment of counsel in this Court again.

## CONCLUSION

For the reasons discussed, service upon CCCDHS is ordered. Plaintiff's motion to withdraw is GRANTED, and his motions to strike and for appointment of counsel are DENIED.

This order resolves docket numbers 105, 121, 123.

**IT IS SO ORDERED.**

Dated: November 15, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

5

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.