UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT,<br><br>    Plaintiff,<br><br>v.<br><br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 22-cv-02026-JSC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION FOR DEFAULT JUDGMENT; SCHEDULING DISPOSITIVE MOTION BY DEFENDANT CONTRA COSTA COUNTY DEPARTMENT OF HEALTH SERVICES**<br><br>Re: Dkt. No. 81, 124 |

**INTRODUCTION**

This is a civil rights action under 42 U.S.C. § 1983 filed by a California prisoner proceeding without an attorney. Defendants are the Antioch Police Department ("APD"), APD Chief Allan Cantando, APD Officers James Colley and James Perkinson, and the Contra Costa County Detention Health Service ("CCCDHS").[1]

Plaintiff filed a First Amended Complaint, Defendants' motion for judgment on the pleadings was granted, and Plaintiff received leave to file a Second Amended Complaint ("SAC"). (ECF Nos. 8, 26, 37.)[2] Plaintiff filed a timely SAC, which is now the operative complaint. (ECF No. 42.) Defendants' motion to dismiss the SAC for failure to state a claim upon which relief may be granted was denied. (ECF No. 56.) Defendants have filed a motion for summary judgment. (ECF No. 81.) Plaintiff filed an opposition, and Defendants filed a reply. (ECF Nos. 111, 118.)

---

[1] Defendant CCCDHS was served on December 6, 2024, and has not yet appeared. (ECF No. 127.) Unless otherwise specified, "Defendants" refers only to Defendants APD, Colley, Perkinson, and Cantando.
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

For the reasons discussed below, the motion for summary judgment is GRANTED, and Plaintiff's motion for a default judgment against CCCDHS is DENIED. A briefing schedule for a dispositive motion by recently-served Defendant CCCDHS is also ordered below.

**BACKGROUND**

The Court previously summarized the claims in the SAC as follows:

> The now-operative SAC makes four claims:(1) Defendants Colley and Perkinson used excessive force against him in violation of his Fourth Amendment rights (*id* at 15-16 ¶18); (2) Defendant APD is liable for such use of force because it was caused by the widespread practice of using excessive force on citizens who come into contact with APD (*id.* at 16-17 ¶ 19); (3) Defendant Cantando (the APD Chief) "failed to adequately train, supervise, and discipline Colley and Perkinson in the proper use of force which led to their use of force against Plaintiff," (*id.* at 17:16-19); knew about and failed to correct the widespread use of excessive force by APD officers (*id.* at 18:1-3); and failed to require officers use body-worn cameras or "ensure foreign weapons were not holstered" during arrests (*id.* at 17:22-28); this "led to" and "encouraged" the use of excessive force against Plaintiff (*id.* at 17:18, 18:6; *see generally id.* at 17-18 ¶ 20); and (4) Defendant CCCDHS provided inadequate medical care in violation of Plaintiff's right to due process under the Fourteenth Amendment (*id.* at 18 ¶ 21).

(ECF No. 56 at 3:3-14.)

The parties do not dispute Plaintiff was arrested by Colley and Parkinson at his mother's house on January 28, 2015, and the arrest involved the use of force by Defendants Colley and Perkinson. The parties provide divergent accounts of the events leading up to the use of force, the amount of force used, the injuries to Plaintiff, the amount of resistance by Plaintiff, and other circumstances relating to the reasonable necessity of using such force. For the reasons discussed below, however, Defendants' summary judgment motion is granted on the threshold issue of timeliness, and therefore the Court recounts the evidence relating to the timeliness of Plaintiff's claims but not to the use of force.

On two previous occasions, in the orders on Defendants' motions for judgment on the pleadings and motion to dismiss, the Court addressed the timeliness issue. (*See* ECF Nos. 37 at 5-6; 56 at 6-8.) As explained in the latter order, Plaintiff's claims are untimely unless he can show grounds for equitable tolling:

> As the Court previously ruled [in the order granting the motion for

2

> judgment of pleadings], given the incident occurred in January 2015, and Plaintiff did not file suit until 2022, his claims are barred by the two-year statute of limitations. (Dkt. No. 37 at 5-6.) The Court also held that due to his incarceration status, the statute of limitations was tolled until January 28, 2019. (*Id.* at 6.) So, his claims are barred by the statute of limitations unless equitable tolling applies.

(ECF No. 56 at 6:18-12.)

Plaintiff presents the following evidence in support of his equitable tolling argument. He submits a partial form (two of three pages) in which he described the use of force by Colley and Perkinson on January 28, 2015, medical care he received at CCCDHS, and Cantando's alleged failure to supervise and train officers to use body-worn cameras. (ECF No. 112 at 175, 177.) He states in his declaration that this was a "California Government Tort Claim Form" that he "filed and served by mail and physically on the A.P.D." on May 2, 2015. (ECF No. 110 at 51 ¶ 20.) He also submits the declaration of a witness (Angel Marie Cox) who states she also "served" this form on the APD on May 2, 2015.[3] (ECF No. 112 at 125 ¶ 9; *see also* ECF No. 110 at 104-07 (Plaintiff's deposition testimony stating he mailed copies of the form to the APD and to Ms. Cox, who served it on the APD).)

Plaintiff states in his declaration that he also "filed and served by mail and physically" a "Department of General Services Risk Management [("DGS")] Claim" on the APD on June 1, 2016. (ECF No. 110 at 51 ¶ 22.) Plaintiff does not submit a copy of this claim. He states in his declaration it was against Defendants Colley, Perkinson, Cantando, and the CCCDHS, and it "described excessive force by James Colley, James Perkinson, a failure to train and supervise against A.P.D. Chief [Cantando], and a denial of medical against [CCCDHS]." (*Id.*) Ms. Cox states in her declaration that on June 1, 2016, she went to the APD with her cousin and "served" a copy of this claim on the APD in person. (ECF No. 112 at 125-27 ¶ 10.) Plaintiff also submits a letter from the "DGS General Services" stating it received a claim from Plaintiff on June 1, 2016, denying the claim for lack of "jurisdiction" because the claim was not against a "state governmental entity," and instructing Plaintiff to file any claim against "a county, city or local government entity" with "the local city or county's governing board or clerk." (ECF No. 112 at

---

[3] Ms. Cox does not indicate whether she performed this service in person or by mail.

3

169.)

With respect to both the May 2, 2015, and the June 1, 2016, claims, Ms. Cox states, "I read the claim and recall it contained allegations of excessive force, inadequate training, and lack of body cameras, and a denial of crutches on the Antioch Police Department and several officers." (*Id.* at 125-27 ¶¶ 9, 10.)

Defendants submit the declaration of the Assistant City Clerk of the City of Antioch, who is familiar with and conducted a search of the city's tort claims records. (ECF No. 85 at ¶¶ 2-3.) The search located no records of a tort claim filed by Plaintiff or of any tort claim about the events alleged in the SAC. (*Id.* at ¶¶ 4-9.)

## DISCUSSION

I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 570 U.S. 650, 656-57 (2014). If more than one reasonable inference can be drawn from undisputed facts, the trial court must credit the inference in favor of the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

II. Analysis

As discussed above, the Court has previously concluded that absent equitable tolling. Plaintiff's claims are untimely. (*See* ECF No. 56 at 6:8-12.) Plaintiff argues he is entitled to equitable tolling because before filing this lawsuit, he "filed and served" his claims on the APD and the DGS. (ECF No. 111 at 12:24-13:14.)

Federal courts apply the forum state's equitable tolling rules to Section 1983 claims. *Azer v Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Under California law, "'if the defendant is not prejudiced thereby, the running of the limitations period is tolled when an injured person has several legal remedies and, reasonably and in good faith, pursues one.'" *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001) (en banc) (quoting *Elkins v. Derby*, 12 Cal.3d 410, 414 (1974) (in bank) (internal citation omitted)). Such tolling has been applied while a plaintiff pursued administrative remedies or prior lawsuits. *See*, *e.g.*, *Daviton*, 241 F.3d at 1137-38 (applying equitable tolling to statute of limitations on federal disability discrimination claims while plaintiff pursued administrative claims with the Office of Civil Rights ("OCR") of the United States Department of Health and Human Services); *Azer*, 306 F.3d at 936-37 (equitably tolling limitations period on Section 1983 claims until prior state court suits resolved); *Elkins,* 12 Cal.3d at 414 (applying equitable tolling to statute of limitations on personal injury claims against an employer until plaintiff's workers' compensation claims arising out of the same accident were resolved); *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 926 (1983) (equitably tolling limitations period for disability pension claim until previously-filed workers' compensation claim resolved).

Equitable tolling on this basis is available only if the record shows: "'(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" *Daviton*, 241 F.3d at 1137-38 (en banc) (quoting *Collier*, 142 Cal. App. 3d at 924). To give a defendant notice under *Collier*, "the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." 142 Cal. App. 3d at 924. "Typically, both claims name the same

1  defendant." *Daviton*, 241 F.3d at 1138 (citing *Collier*, 142 Cal. App. 3d at 924). Additionally,
2  "the equitable tolling doctrine requires that the same wrong serve as the predicate for the earlier
3  and later proceedings to make sure defendant received proper notice." *Id.* at 1141.
4        Plaintiff argues he is entitled to equitable tolling because the evidence "shows Plaintiff's
5  first claim May 2, 2015, was filed and served . . . on Antioch Police Department" and "his second
6  claim was filed and served . . . on the Department of California Department of General Services
7  Office of Insurance and Risk Management and the Antioch Police Department on June 1, 2016."[4]
8  (ECF No. 111 at 12:24-13:6.) To begin with, as a matter of law, the filing of a California
9  government tort claim does not equitably toll the limitations period of a Section 1983 claim.
10 Moreover, even if it did, no reasonable fact-finder could conclude from the evidence, when
11 viewed in a light most favorable to Plaintiff, that delivery of these items to the APD or DGS
12 provided Defendants with prior notice of his claims against them so as to warrant equitable tolling
13 under *Collier*.
14     A.    <u>Filing a Government Tort Claim Does Not Toll a Section 1983 Claim</u>
15       Filing a California government tort claim does not equitably toll a Section 1983 claim. A
16 "qualification" to the general rules for equitable tolling while a plaintiff pursues an alternate legal
17 remedy for his claims is that "equitable tolling is inapplicable to a situation in which 'a plaintiff
18 who allegedly suffered several different wrongs pursues only *one* remedy as to *one* of those
19 wrongs.'" *Ervin v. Los Angeles Cnty.*, 848 F.2d 1018, 1019–20 (9th Cir. 1988) (quoting *Loehr v.*
20 *Ventura Community C. Dist.*, 147 Cal. App. 3d 1071, 1086 (1983) (emphasis in original)). Under
21 this authority, pursuit of state tort claims does not equitably toll the limitations period for a federal
22 civil rights claim, and vice versa, because they are predicated on distinct "wrongs" even when they
23 are related to the same facts. *See Ervin*, 848 F.2d at 1019 (holding the statute of limitations for

---

[4] Plaintiff previously also argued equitable tolling based upon another government tort claim he states he filed in July 2019, but because Plaintiff pursued this claim after the limitations period had already expired, the Court previously concluded it did not give Defendants "timely notice" of his claims under *Collier*. (ECF No. 56 at 7:20-8:1 (citing *Collier*, 142 Cal. App. 3d at 924 (providing that to equitably toll the limitations period, a prior claim must be filed before the limitations period expired).)

federal civil rights action was not equitably tolled by the plaintiff's previous filing of state tort claims based upon related facts because they address different "wrongs"); *Loehr*. 147 Cal. App. 3d at 1085 (holding federal civil rights action did not toll limitations period for state tort claims based upon related facts because they are distinct wrongs insofar as a federal cause of actions requires evidence of "facts that go beyond mere tortious conduct, and rise to the dignity of a violation of a federal constitutional or statutory right"). To whatever extent Plaintiff pursued state tort claims through the California government tort claim administrative procedure, under *Ervin* and *Loehr* those claims were predicated upon a different wrong than, and did not equitably toll, his federal civil rights claims.

### B.    No Triable Issue APD Had Prior Notice of Plaintiff's Claim

Even assuming a properly filed government tort claim could toll the statute of limitations on a section 1983 claim, there is no triable issue that the APD had prior notice of Plaintiff's claims for several reasons. First, California law sets forth a procedure to present claims to a municipal entity, such as the APD[5]: claims must be "deliver[ed] to the clerk, secretary, or auditor thereof" or "mail[ed] ... to the clerk, secretary, auditor, or to the governing body at its principal office." Cal. Govt. Code § 915(a). If the claim "is not delivered or mailed" in this manner, the claims-presentation requirement is nevertheless satisfied if "[i]t is actually received by the clerk, secretary, auditor or board of the local public entity." Cal. Govt. Code § 915(e)(1). A claimant may not proceed with the claim if he or she does not comply with these procedures. *See*, *e.g.*, *DiCampli- Mintz v. Cty. of Santa Clara*, 55 Cal.4th 983, 991-998 (2012) (claim invalid when presented to municipal hospital's risk management department instead of one of the listed recipients in Government § Code 915(a)); *Guerrero v. Cnty. of Alameda*, No. C 18-02379 WHA, 2018 WL 3646818, at *2 (N.D. Cal. Aug. 1, 2018) (citizen complaint submitted to Alameda County Sherriff's Department, not Clerk of the Alameda County Board of Supervisors, did not comply with California law because no evidence indicated "it was ever *actually received* by the Clerk's office") (emphasis original). "The claimant bears the burden of ensuring that the claim is

---

[5] The parties do not dispute that the APD is part of, and not a distinct municipal entity from, the City of Antioch.

7

presented to the appropriate public entity." *DiCampli- Mintz*, 55 Cal.4th at 991.

Plaintiff's deposition, and his and Ms. Cox's declarations, at most indicate that his claims were delivered by mail and in person to the APD in May 2015 and June 2016. (ECF Nos. 110 at 51 ¶¶ 21, 22; 112 at 125-26 ¶¶ 9-10; 112 at 104-107.) There is no evidence, however, Plaintiff or anyone else mailed or delivered these claims to "the clerk, secretary, auditor, or to the governing body" of the City of Antioch, or that they were "actually received by the clerk, secretary, auditor or board" of the City of Antioch, as is required by California Government Code Sections 915(a) and 915(e)(1). Indeed, the City of Antioch Clerk's Office employee's declaration establishes the Clerk's office never received any claims from Plaintiff regarding his claims. (ECF No. 85 at ¶¶ 4-9.) So, as there is no evidence Plaintiff followed the procedure required by California Government Code Sections 915(a) and 915(e)(1) for presenting his claims to the APD before filing his lawsuit, there is no triable issue as to whether the APD received prior notice of Plaintiff's claims so as to warrant equitable tolling under *Collier*.

There are additional reasons the claims Plaintiff insists were delivered to the APD and DGS in May 2015 and June 2016 did not give the APD prior notice of his claims under *Collier*. The May 2015 form did not assert the "same wrong" as the claim he makes against the APD here. *Daviton*, 241 F.3d at 1141. The SAC claims the APD had a widespread practice of using excessive force on citizens who come into contact with it. (*See* ECF No. 42 at 16-17 ¶ 19.) The May 2, 2015, claim form does not allege the APD had a widespread practice or policy of excessive force; it alleges the use of excessive force on only one occasion by Colley and Perkinson. (*See* ECF No. 112 at 175, 177.) Additionally, the form does not name the APD or the City of Antioch as a responsible party. *Cf. Daviton*, 241 F.3d at 1141 ("Typically, both claims name the same defendant."). As for the June 2016 claim, Plaintiff's declaration does not state it named the APD (or the City of Antioch), or that this claim alleged a widespread practice or policy of using excessive force at the APD. (ECF No. 110 at 51 ¶ 22.)[6]

Based on the evidence presented, no reasonable fact-finder could conclude the claims

---

[6] The declaration states this claim only named Colley, Perkinson, Cantando, and the CCCDH.

Plaintiff asserts were delivered to the APD and DGS in May 2015 and June 2016 "alert[ed]" the APD "of the need to begin investigating the facts which form the basis" of the claims in the instant lawsuit that the APD violated his rights by having a widespread practice or policy of using excessive force. *See Collier*, 142 Cal. App. 3d at 924. Therefore, there is no triable issue of fact that, if resolved in Plaintiff's favor, would establish the APD had notice of Plaintiff's claims prior to this lawsuit such that he is entitled to equitable tolling under *Collier*.

C.   <u>No Triable Issue the Individual Defendants Had Prior Notice of Plaintiff's Claims</u>

As for Defendants Colley, Perkinson and Cantando, there is no evidence from which a reasonable fact-finder could conclude they ever received notice of Plaintiff's claims prior to filing this lawsuit. Even if the tort claims were delivered to the APD and DGS in May 2015 and June 2016 as Plaintiff contends, there is no evidence those claims made their way to Colley, Perkinson, or Cantando. There is no evidence who at the APD received the claims, if such person ever passed them on to Colley, Perkinson, or Cantando, or whether these Defendants ever learned of them. Regardless of the content of the claims, absent evidence that Colley, Perkinson, or Cantando received them, no reasonable fact-finder could conclude they "alert[ed]" Defendants to the "need to begin investigating the facts which form the basis" of Plaintiff's claims against them. *Collier*, 142 Cal. App. 3d at 924. Consequently, there is no triable issue as to whether Defendants Colley, Perkinson, or Cantando had notice of Plaintiff's claims before he filed this lawsuit such that the statute of limitations on his claims against them may be equitably tolled under *Collier*.

\*   \*   \*

There is no triable issue that, if resolved in Plaintiff's favor, would establish he is entitled to equitable tolling on his claims against the APD, Colley, Perkinson, or Cantando, or that such claims are timely.[7] Consequently, these Defendants are entitled to summary judgment on Plaintiff's claims.

D.   <u>Motion for Default Judgment</u>

Plaintiff filed a motion for default judgment against Defendant CCCDHS (ECF No. 126)

---

[7] In light of this conclusion, the Court need not address Defendants' alternative arguments for summary judgment.

on the grounds that CCCDHS did not respond to the SAC by August 30, 2024, as provided in the order of service (ECF No. 97). CCCDHS was not served before that date, however, and therefore was not obligated to respond by then; service was-reordered, and CCCDHS was served on December 6, 2024. (*See* ECF Nos. 125, 127.) As CCCDHS was only recently served, it has not failed to comply with its obligation to respond to the SAC, and the motion for default judgment is denied.

**CONCLUSION**

For the above reasons,

1. The motion for summary judgment by Defendants APD, Colley, Perkinson, and Cantando is GRANTED.

2. Plaintiff's motion for default judgment is DENIED.

3. No later than **March 5, 2025**, Defendant CCCDHS shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant CCCDHS is of the opinion that this case cannot be resolved by summary judgment, it shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendant CCCDHS shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant CCCDHS no later than **April 4, 2025**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

Defendant CCCDHS shall file a reply no later than **April 18, 2025.**

The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the Court so orders at a later date.

This order resolves docket numbers 81 and 124.

**IT IS SO ORDERED.**

Dated: December 13. 2024

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.