UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT,<br><br>    Plaintiff,<br><br>v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 22-cv-02026-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO AMEND JUDGMENT**<br><br>Re: Dkt. Nos. 132, 133 |

## INTRODUCTION

This is a civil rights action under 42 U.S.C. § 1983 filed by a California prisoner proceeding without an attorney. Defendants are the Antioch Police Department ("APD"), APD Chief Allan Cantando, APD Officers James Colley and James Perkinson, and Contra Costa County.[1] Defendant Contra Costa County (hereinafter "Defendant" unless otherwise specified) was served later than the other Defendants.

Plaintiff filed a First Amended Complaint, Defendants APD, Cantando, Colley, and Perkinson moved for judgment on the pleadings, the motion was granted, and Plaintiff received leave to file a Second Amended Complaint ("SAC"). (ECF Nos. 8, 26, 37.) Plaintiff filed a timely SAC, which is now the operative complaint. (ECF No. 42.) Defendants APD, Colley, Perkinson, and Cantando then moved to dismiss the SAC for failure to state a claim upon which relief may be granted. The motion to dismiss was denied, but their subsequent summary judgment motion was granted. (ECF Nos. 56, 81.) Defendant Contra Costa County, the sole remaining

---

[1] The pleadings named the Contra Costa County Department of Health Services ("CCCDHS") as a Defendant, but Contra Costa County has appeared and shown that under state law, the CCCDHS is not an independent municipal entity but rather an agency run by the County. (ECF No. 132 at 3-4 (citing Cal. Welf. & Inst. Code § 10800).) Consequently, the Court hereinafter identifies Defendant CCCDHS as Defendant Contra Costa County.

1  defendant, has filed a motion to dismiss for failure to state a claim upon which may be granted.

2  (ECF No. 132.) Plaintiff was given an opportunity to file an opposition, but he has not done so.

3  He recently filed a motion to "amend the judgment." (ECF No. 133.)

4  For the reasons discussed below, the motion to dismiss is GRANTED, and the motion to

5  amend is DENIED.

## BACKGROUND

The Court previously summarized Plaintiff's allegations and claims in his SAC as follows:

> On January 28, 2015, Defendants Colley and Perkinson arrested Plaintiff at his mother's house. (ECF No. 42 at 4 ¶ 10.) During the course of this arrest, they shot Plaintiff with a bean bag, and beat, cut, suffocated, and threatened to sexually assault him despite his lack of resistance. (*Id*. at 4-5 ¶ 10.) Plaintiff alleges after his arrest he was treated at John Muir Hospital where he underwent surgery. (*Id*. at 5 ¶ 10.) Thereafter, [on January 29, 2015], he was taken to the Martinez Detention Facility, where his requests for medical treatment were ignored for four days.[2] (*Id*. at 6 ¶ 11.) Plaintiff had to use crutches for ["]several months,["] and he has permanent scarring on his face, legs, and finger. (*Id*. at 6-7 ¶ 11.)
>
> In June 2015, resisting arrest charges against Plaintiff were dismissed following his preliminary hearing. (*Id*. at 8 ¶ 13.) On January 30, 2019, following a jury trial, he was found guilty of four "wobbler" offenses and not guilty of the remaining charges, and on February 22, 2019, he was sentence [sic] to "time served" and released from custody. (*Id*. at 9 ¶ 14.) Plaintiff was "reincarcerated" on March 12, 2020. (*Id*. at 10 ¶ 15.) Plaintiff alleges Defendant APD had "widespread practices of failing to train and supervise its officers in the proper constitutional use of excessive force prior to and since the use of force against Plaintiff" (*id*. at 16:11-14), that the APD's "deliberate indifference" was "so persistent and widespread that any civilian who comes into contact with a member of the department is likely to end up severely harmed and hospitalized if not dead" (*id*. at 16:17-20), and "multiple people are unlawfully killed or beaten at the hands of APD every year" (*id*. at 18:2-3). He also alleges specific instances of excessive force besides his own: two people who were killed and two others who were beaten during arrests, (*id*. at 16:27-17:1, 8:19-21, 8:24-9:1, 10:17-22), three prior "cases" of unlawful shootings between 2012 and 2014 by Defendant Colley, and one unlawful shooting by Perkinson had one in 20123 (*id*. at 11:3-10).
>
> Plaintiff filed this lawsuit on March 30, 2022. The now-

---

[2] Plaintiff alleges the CCCDHS was responsible for health care at the Martinez Detention Facility. (ECF No. 42 at ¶ 5.) He alleges he "begged medical" for "walking assistance," crutches, a lower bunk, and aspirin, but these were denied for "four full days," forcing him limp, crawl, and climb up and down from an upper bunk with one arm and one leg "in draconian pain." (*Id*. at ¶ 11.)

2

operative SAC makes four claims: (1) Defendants Colley and Perkinson used excessive force against him in violation of his Fourth Amendment rights (*id* at 15-16 ¶18); (2) Defendant APD is liable for such use of force because it was caused by the widespread practice of using excessive force on citizens who come into contact with APD (*id*. at 16-17 ¶ 19); (3) Defendant Cantando (the APD Chief) "failed to adequately train, supervise, and discipline Colley and Perkinson in the proper use of force which led to their use of force against Plaintiff," (*id*. at 17:16-19); knew about and failed to correct the widespread use of excessive force by APD officers (*id*. at 18:1-3); and failed to require officers use body-worn cameras or "ensure foreign weapons were not holstered" during arrests (*id*. at 17:22-28); this "led to" and "encouraged" the use of excessive force against Plaintiff (*id*. at 17:18, 18:6; *see generally id*. at 17-18 ¶ 20); and (4) Defendant CCCDHS provided inadequate medical care in violation of Plaintiff's right to due process under the Fourteenth Amendment (*id*. at 18 ¶ 21).

(ECF No. 56 at 2-3.)

## DISCUSSION

I.   Motion to Dismiss

   A.   Standard of Review

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is

3

1  plausible on its face." *Id.* at 570.

2  Allegations of fact in the complaint must be taken as true and construed in the light most
3  favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th
4  Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory,
5  unwarranted deductions of fact, or unreasonable inferences." *Id.*

6  A pleading filed by a party unrepresented by counsel must be liberally construed, and
7  "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted
8  by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations
9  omitted).

  B.   Analysis

  1.   Statute of Limitations

12  Defendant Contra Costa County argues the claims against it are time-barred. The Court
13  addressed the timeliness of Plaintiff's claims against the other Defendants on three prior
14  occasions: in the orders on their motion for judgment on the pleadings, their motion to dismiss,
15  and their motion for summary judgment. (*See* ECF Nos. 37 at 56; 56 at 6-8; 131 at 5-9.) As
16  explained in the order on the motion to dismiss the SAC (ECF No. 56), even under a liberal
17  construction of the SAC, Plaintiff's claims against the other Defendants are untimely unless he can
18  show grounds for equitable tolling:

> As the Court previously ruled [in the order granting the motion for judgment of pleadings], given the incident occurred in January 2015, and Plaintiff did not file suit until 2022, his claims are barred by the two-year statute of limitations. (Dkt. No. 37 at 5-6.) The Court also held that due to his incarceration status, the statute of limitations was tolled until January 28, 2019. (*Id*. at 6.) So, his claims are barred by the statute of limitations unless equitable tolling applies.

23  (ECF No. 56 at 6:18-12.)

24  A very similar analysis also applies to the claims against Defendant Contra Costa County
25  because they accrued in the four days after the claims against the other Defendants. The statute of
26  limitations generally begins to run when a plaintiff has knowledge of the "critical facts" of his
27  injury, which are "that he has been hurt and who has inflicted the injury." *United States v.*
28  *Kubrick*, 444 U.S. 111, 122 (1979). The claims against the other Defendants accrued on January

4

28, 2015, the date of Plaintiff's arrest (*see* ECF No. 37 at 5:15-18), and, based solely on the pleadings, the claims against Defendant Contra Costa County accrued over the next four days (January 29 to February 1, 2015) because that is when Plaintiff alleges the County allegedly caused him "draconian pain" by denying his requests for "walking assistance," crutches, aspirin, and a lower bunk. (ECF No. 42 at ¶ 11.) Given Plaintiff did not file suit until 2022, his claims against Defendant Contra Costa County are barred by the two-year statute of limitations, and due to his incarceration status, the statute of limitations was tolled for two years, until February 1, 2019. (*Cf.* Dkt. No. 37 at 5-6.) So, his claims against Defendant Contra Costa County are barred by the statute of limitations unless equitable tolling applies.

### 2. Equitable Tolling

California's equitable tolling rules apply to Plaintiff's section 1983 claims. *Azer v Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Under California law, equitable tolling is appropriate in a later suit when an earlier suit was filed and when the record shows: "'(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)). Upon satisfying the three-pronged test, a plaintiff should be relieved from the limitations bar. *Id.* at 1140; *see*, *e.g.*, *Azer*, 306 F.3d at 936-37 (granting equitable tolling when plaintiff satisfies three-prong test and finding that by filing an official-capacity action in state court plaintiff provided individual defendants within state office adequate notice that they might be subject to a civil rights suit).

The Court previously summarized the allegations in the SAC relevant to equitable tolling as follows:

> Plaintiff alleges he filed three government tort claims. On May 2, 2015, he filed a "claim" with the APD "on all events described herein and served on all defendants … with a [sic] address to mail notice back and received no response." ([ECF No. 42] at 8:2-6.) "Around June 2015" he filed "a claim against defendants Antioch Police Department, etc. with the Department of General Service Office of Risk and Insurance Management (Government Claims Program) and served a notice on Defendant A.P.D.," and he

5

> received a copy of the denial of this claim in "late 2015." (*Id*. at 8:10-16.) In July 2019, he filed "a government tort claim form against Defendant Cantando, James Perkinson, James Colley, Antioch Police Department, and C.C.C.D.H.S. and never received a response." (*Id*. at 9:27-10:2.)
>
> Plaintiff also alleges a number of facts regarding threats by Defendants for filing suit. Perkinson told him in the hospital "we can do whatever you can't sue." ([*Id.*] 5-6 ¶ 10.)  After being transported to the jail, Perkinson told him, "[Y]ou can't sue until you get out which will never happen and if you did sue or even tried, we will fuck you up way worse than this and make sure that you get found guilty." (*Id*. at 7:15-19.) This caused Plaintiff to "fear[] for his life and his family's life to file a 1983 civil rights lawsuit." (*Id*. at 7:20-21.) He learned Colley shot a man in 2015 and other APD officers suffocated another man to death in front of his family members and "concealed eyewitness accounts," despite these suspects' lack of resistance. (*Id*. at 8:19-9:3.) According to Plaintiff, this made him fear reprisal upon him or his family members if he sued. (*Id*. at 8:15-17, 9:4-6.) He alleges following his release from custody in 2019, he "was pulled over by an Antioch Police Department officer and was notified that officers had knowledge of him trying to sue and threatened Plaintiff for filing." (*Id*. at 10:3-7.) This caused Plaintiff to move away from Antioch. (*Id*. at 10:7-9.) Plaintiff alleges he ultimately decided to file this lawsuit in March 2022 because "if defendants are going to kill him or get him life for speaking out it's going to happen anyway since he already messed up" when he "tried filing [government tort] claim[s]." (*Id*. at 10:25-29.)

(ECF No. 56 at 3:15-4:14.)

As the Court explained in the order granting the other Defendants' summary judgment motion, the three government claims alleged in the SAC do not equitably toll the limitations period because, as a matter of law, filing a California government tort claim does not equitably toll a Section 1983 claim.  (ECF No. 131 at 6:14-7:9 (citing *Ervin v. Los Angeles Cnty.*, 848 F.2d 1018, 1019–20 (9th Cir. 1988) (quoting *Loehr v. Ventura Community C. Dist*., 147 Cal. App. 3d 1071, 1086 (1983))).

In any event, even a liberal construction of the SAC does not support a reasonable inference that any of the three government claims gave Defendant Contra Costa County timely notice of his claims.  Plaintiff's allegations do not support a reasonable inference he served the first government claim (from May 2105); he explicitly alleges he did not serve it upon the County agency CCCDHS, and Contra Costa County itself is not named as a Defendant.   (ECF No. 42 at 8:2-4 (alleging Plaintiff served first government claim upon "all Defendants, except CCCDH").)

6

1  As for the second government claim (from June 2015), Plaintiff alleges he only served it upon the
2  Antioch Police Department. (*Id.* at 8:10-15.) Plaintiff alleges he filed the third government claim
3  in July 2019. (*Id.* at 9:27-10:1.) This allegation does not support a reasonable inference that this
4  government claim gave Contra Costa County *timely* notice because the two-year statute of
5  limitations plus two years of tolling due to incarceration elapsed six months earlier, in February
6  2019.[3] The allegations in the SAC, when liberally construed in Plaintiff's favor, do not support a
7  reasonable inference that Contrary Costa County had timely notice of Plaintiff's claim, as is
8  required for equitable tolling.[4]

9  In sum, liberally construing the allegations in the SAC, assuming all such allegations are
10 true, and drawing all reasonable inferences from such allegations in Plaintiff's favor, there are no
11 grounds for equitable tolling and Plaintiff's claim against Defendant Contra Costa County is
12 untimely. Consequently, the SAC fails to state a claim against Contra Costa County that is
13 capable of judicial determination and review.[5]

14 If the Court finds that a complaint does not state a claim that can proceed, it should
15 determine whether to grant leave to amend. Even when a request to amend is not made, "[l]eave
16 to amend should be granted unless the pleading could not possibly be cured by the allegation of
17 other facts, and should be granted more liberally to pro se plaintiffs." *Lira v. Herrera*, 427 F.3d
18 1164, 1176 (9th Cir. 2005) (internal quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122,
19 1128-29 (9th Cir. 2000) (en banc). However, if granting leave to amend would be futile, leave to
20 amend is properly denied. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).
21 Further leave to amend the SAC would be futile insofar as California government claims, upon
22 which Plaintiff has continuously relied as the basis for equitable tolling, do not toll the federal

---

[3] Plaintiff alleges on January 13, 2022, after being "reincarcerated," he filed an inmate "grievance/appeal" concerning his medical care in jail. (ECF No. 42 at 10 ¶ 15; see also ECF No. 31 at 67.) Assuming this grievance concerned the claim he raises here (his medical care in 2015 at the jail), it did not give Contra Costa County timely notice of his claim insofar as had expired approximately three years earlier.
[4] Plaintiff's allegations of threats for filing relate to the other elements of equitable tolling (good faith and lack of prejudice), which the Court does not address in light of the conclusion, above, that the SAC does not sufficiently allege timely notice.
[5] In light of this conclusion, the Court need not address Defendant's alternative argument for dismissal.

7

1  statute of limitations. Plaintiff has not opposed the instant motion, requested further leave to
2  amend, or indicated what additional allegations he could make in good faith that, if true, would
3  support reasonable inferences that he timely notified Contra Costa County of his claims, he is
4  entitled to equitable tolling of the limitations period on such claims, and such claims are timely.
5  Further, Plaintiff has twice received leave to amend, including after the timeliness and equitable
6  tolling issues were brought to his attention (*see* ECF No. 37), but he has still not sufficiently
7  alleged facts supporting a reasonably inference of timely notice, equitable tolling, or timeliness of
8  his claims. Accordingly, the claim against Contra Costa County will be dismissed without leave
9  to amend.

10  II.     Motion to Amend Judgment

11  Plaintiff has filed a motion to "amend judgment" (ECF No. 133), but judgment has not
12  been entered, so there is no judgment to amend. Plaintiff states that his motion pertains to the
13  granting of summary judgment to Defendants APD, Colley, Perkinson, and Cantando. (*Id.* at 1.)
14  Accordingly, the Court construes the motion as a request for reconsideration of a pre-judgment
15  order under Civil Local Rule 7-9(a). *Compare* Fed. R. Civ. P. 59(e) (allowing motion to alter or
16  amend judgment after entry of final judgment).

17  No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without
18  leave of court. *See* Civil L.R. 7-9(a). In addition, the moving party must specifically show: (1)
19  that at the time of the motion for leave, a material difference in fact or law exists from that which
20  was presented to the court before entry of the interlocutory order for which the reconsideration is
21  sought, and that in the exercise of reasonable diligence the party applying for reconsideration did
22  not know such fact or law at the time of the interlocutory order; or (2) the emergence of new
23  material facts or a change of law occurring after the time of such order; or (3) a manifest failure by
24  the court to consider material facts which were presented to the court before such interlocutory
25  order. *See* Civil L.R. 7-9(b).

26  Plaintiff did not request or receive leave to file a motion for reconsideration. In addition,
27  Plaintiff does not come close to making the showing required by Rule 7-9(b). His motion simply
28  asserts "the evidence submitted in [his] opposition shows plaintiff served claim on defendants

before the limitations period expired." (ECF No. 133 at 1.) Plaintiff offers no explanation or support for this assertion. For the reasons explained in the summary judgment order, the evidence does not create a triable issue of fact regarding timely notice to Defendants of his claims. (ECF No. 131 at 7-9.) Plaintiff's other arguments in the motion "to amend" pertain to the equitable tolling elements of prejudice and good faith (*id.*), but the Court's summary judgment ruling was not based upon these issues. Plaintiff has not shown "a material difference in fact or law," the "emergence of new material facts or a change of law," or a "failure by the court to consider material facts" in the order granting summary judgment. *See* Civ. L. R. 7-9(b). Accordingly, reconsideration of the order granting summary judgment is not warranted.

## CONCLUSION

For the reasons explained above, Defendant Contra Costa County's motion to dismiss is GRANTED, and the claims against it are DIMISSED without leave to amend. Plaintiff's motion to "amend judgment" is DENIED.

The Clerk shall enter judgment and close the file.

This order resolves docket numbers 132 and 133.

**IT IS SO ORDERED.**

Dated: June 2, 2025

JACQUELINE SCOTT CORLEY
United States District Judge